Filed 5/5/22  Carbajal v. Imperial Maintenance Services CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| LIDIA CARBAJAL et al., | C091617 |
| Plaintiffs and Appellants, | (Super. Ct. No. STK-CV-UOE-2016-0001100) |
| v. | |
| IMPERIAL MAINTENANCE SERVICES, INC., et al., | |
| Defendants and Respondents. | |

This is an appeal from an order denying a request for class certification. Appellants Lidia Carbajal, Guadalupe Beltran, and Ana Maria Sanchez sued their former employer (Imperial Maintenance Services, Inc. or Imperial), Imperial's owner, and several former Imperial employees, alleging violations of various labor laws.  In a motion for class certification, Appellants sought class treatment for five of their claims.  They sought to certify one class consisting of Imperial employees who were allegedly not paid for all hours worked, a second class of employees who were allegedly denied meal

1

breaks, a third class of employees who allegedly received inaccurate or incomplete wage statements, a fourth class of employees who were allegedly not paid all wages due when they were terminated, and a fifth class of employees who, due to the other alleged violations, were allegedly subjected to unlawful or unfair business practices. To support their motion for class certification, Appellants asserted, among other things, that because Imperial's records failed to show that its employees received meal breaks, the trial court should presume that its employees did not in fact receive meal breaks.

The trial court ultimately declined to certify a class for any of these claims. Without applying Appellants' requested presumption for the meal break class, the court concluded that resolving Appellants' allegations for this class would require too many individualized inquiries to be appropriate for class treatment. The court further concluded that because Appellants' allegations for the four remaining proposed classes were largely tied to their allegations for the meal period class, those claims too would be inappropriate for class treatment.

On appeal, Appellants contend the trial court improperly denied class certification for their proposed classes because it failed to apply the required rebuttable presumption for their proposed meal break class. We agree. In cases like this one, when an employer has failed to document that its employees took meal breaks, the trial court must apply a rebuttable presumption that no meal breaks were provided. But in this case, rather than apply the required presumption, the trial court instead considered Appellants' contentions as if no presumption applied at all. Because this shortcoming undermined the court's reasoning for rejecting the proposed classes, we remand the case to the trial court for further proceedings.

BACKGROUND

Imperial is a janitorial company that provides maintenance and cleaning services at several government buildings in California. Respondent Alfonso Solis owns the

2

company and Respondents Erma Solis, Marc Lopez, and Maria Perez are former Imperial employees.

Appellants Carbajal, Beltran, and Sanchez all formerly worked as janitors for Imperial. Although all three started on different dates, they all were terminated on the same date: May 29, 2015, when they were released for failing to provide documentation establishing their right to work in the United States. Shortly after their termination, Appellants filed a complaint that raised eight class action claims against Respondents and one claim under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.).

Over three years later, Appellants moved for class certification of a class consisting of all of Imperial's current and former non-exempt janitors since February 2, 2012. They also sought class certification for five subclasses. First, Appellants sought to certify a subclass consisting of all of Imperial's current and former employees who were allegedly not paid for all hours worked since February 2, 2012.

Second, Appellants sought to certify a subclass consisting of all of Imperial's current and former employees who were allegedly denied meal breaks since February 2, 2012. Appellants premised their argument in large part on Labor Code section 226.7 and a wage order from the Industrial Welfare Commission that covers "persons employed in the public housekeeping industry." (Cal. Code Regs., tit. 8, § 11050, subd. 1.) Per Labor Code section 226.7, subdivision (b), an employer cannot "require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable . . . order of the Industrial Welfare Commission." And per the cited wage order, an employer cannot "employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived. . . ." (Cal. Code Regs., tit. 8, § 11050, subd. 11(A).) According to Appellants, in violation of these laws,

3

Imperial's employees worked for periods longer than five hours without receiving the required 30-minute meal period, even though they had not waived their meal periods.

Lastly, Appellants sought to certify three additional subclasses that were derivative of their unpaid wage and meal period subclasses. This included a subclass of employees who allegedly received inaccurate or incomplete wage statements, a second subclass of employees who were allegedly not paid all wages due when they were terminated, and a third subclass of employees who were allegedly subjected to unlawful or unfair business acts or practices within the meaning of Business and Professions Code section 17200. Appellants contended these three categories of violations occurred "because of the above core violations" concerning the unpaid wage and meal period subclasses.

To support their motion for class certification, Appellants asserted, among other things, that the trial court should presume that Respondents failed to provide the required meal periods. They reasoned that because Respondents failed to maintain records showing that employees received meal periods, the court should presume that employees did not in fact receive meal periods. Appellants contended this followed from Justice Werdegar's concurrence in *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004 (*Brinker*), in which she stated: "If an employer's records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided." (*Id.* at p. 1053 (conc. opn. of Werdegar, J.).) Although Respondents disputed the application of this presumption, the person who they designated as the person most qualified to testify about their practices, Erma Solis, acknowledged that Imperial failed to document meal periods for employees.

After hearing from the parties, the trial court declined to certify Appellants' proposed class and subclasses. It found "that the basis for each of the subclasses hinges upon [Respondents'] purported rest and meal period violations." It then found that resolving Respondents' purported rest and meal period violations would require too many

4

individualized inquiries.  The court focused on four considerations:  (1) Imperial employees acknowledged receiving an employee handbook discussing their right to meal and rest breaks, (2) employees "worked in multiple buildings, had varied schedules, and although janitorial in nature, performed a variety [of] work tasks," (3) employees "self-reported their time," and (4) employees "could take meals and breaks as needed" under Imperial's "honor system."  Based on these considerations, the court found "certification of the requested subclasses [would be] improper because 'the existence of damage, the cause of damage, and the extent of damage [would] have to be determined on a case-by-case basis.' "  In reaching this decision, the court never acknowledged Appellants' contention that Imperial's employees should be presumed to have been denied their meal breaks.

Appellants timely appealed.

DISCUSSION

I.        *Class Certification Principles*

To support class treatment, a party seeking certification of a class action "must demonstrate the existence of an ascertainable and sufficiently numerous class, a well-defined community of interest, and substantial benefits from certification that render proceeding as a class superior to the alternatives." (*Brinker, supra*, 53 Cal.4th at p. 1021; see also Code Civ. Proc., § 382.)  The second of these requirements—"a well-defined community of interest"—embodies three additional requirements of its own: " ' "(1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class." '  [Citation.]" (*Brinker,* at p. 1021)

This case focuses on only one of these several requirements—namely, the moving party's need to show there are questions of law or fact common to the class.  In examining whether a party has made this showing, courts consider " 'whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely

5

to prove amenable to class treatment.' [Citation.]" (*Brinker, supra*, 53 Cal.4th at p. 1021.) Courts also, when making this determination, consider the defendant's affirmative defenses, "because a defendant may defeat class certification by showing that an affirmative defense would raise issues specific to each potential class member and that the issues presented by that defense predominate over common issues." (*Walsh v. IKON Office Solutions, Inc.* (2007) 148 Cal.App.4th 1440, 1450 (*Walsh*); see also *Duran v. U.S. Bank National Assn.* (2014) 59 Cal.4th 1, 28-30 [defenses raising individual questions may defeat class certification].)

We review a trial court's ruling on a certification motion "for abuse of discretion and generally will not disturb it ' "unless (1) it is unsupported by substantial evidence, (2) it rests on improper criteria, or (3) it rests on erroneous legal assumptions." ' [Citation.]" (*Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.4th 522, 530 (*Ayala*).) In conducting this review, we consider "the trial court's actual reasons for granting or denying certification; if they are erroneous, we must reverse, whether or not other reasons not relied upon might have supported the ruling." (*Ibid.*) "In this respect, ' "appellate review of orders [granting or] denying class certification differs from ordinary appellate review. Under ordinary appellate review, we do not address the trial court's reasoning and consider only whether the result was correct." ' " (*McCleery v. Allstate Ins. Co.* (2019) 37 Cal.App.5th 434, 450.) But when reviewing an order granting or denying class certification, we " 'review only the reasons given by the trial court for [the grant or] denial of class certification, and ignore any other grounds that might support [the grant or] denial.' [Citation.]" (*Ibid.*)

## II. Meal Period Subclass

Appellants first assert that the trial court improperly declined to certify their meal period subclass. Their argument is twofold. They contend "[t]he trial court abused its discretion in misunderstanding and misapplying the law regarding the effect of individualized damages at the class certification stage." They also contend the trial court

6

abused its discretion when it declined to apply the presumption first described in Justice Werdegar's *Brinker* concurrence and, more recently, in *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58 (*Donohue*).

We address each of these arguments in turn, starting with Appellants' contention that the trial court "misappl[ied] the law regarding the effect of individualized damages at the class certification stage." In Appellants' telling, the court wrongly concluded that individualized damages sufficed to defeat class certification. We find differently. Courts, it is true, have long "recognized that the need for individualized proof of damages is not per se an obstacle to class treatment." (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 334-335 (*Sav-On Drug Stores*).) But the trial court here did not, as Appellants claim, deny certification on the ground that "damages would have to be determined on a case-by-case basis." It instead denied certification because, quoting *Basurco v. 21st Century Ins. Co.* (2003) 108 Cal.App.4th 110 at page 119, it found " 'the existence of damage, the cause of damage, and the extent of damage would have to be determined on a case-by-case basis.' " It also emphasized that "[t]his is not an instance wherein the only difference between [Appellants] and the potential class members is simply a matter of []calculating damages."

We turn next to Appellants' argument premised on *Brinker* and *Donohue*. The court in *Donohue*, as relevant here, found that when an employer fails to document that its employees received meal breaks, a rebuttable presumption arises that its employees did not in fact receive meal breaks. (*Donohue, supra*, 11 Cal.5th at pp. 74, 76.) In reaching this decision, which it issued shortly after the trial court's decision here, the court built on Justice Werdegar's earlier concurrence in *Brinker*. In her concurrence there, Justice Werdegar discussed a wage order that applies to "persons employed in the public housekeeping industry." (Cal. Code Regs., tit. 8, § 11050, subd. 1.) She noted that employers covered by that wage order "have an obligation both to relieve their employees for at least one meal period for shifts over five hours ([Cal. Code Regs., tit. 8,

7

§ 11050], subd. 11(A)) *and* to record having done so (*id.*, subd. 7(A)(3) ['Meal periods . . . shall also be recorded.']).  (*Brinker, supra*, 53 Cal.4th at pp. 1052-1053 (conc. opn. of Werdegar, J.).)  She then concluded:  "If an employer's records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided."  (*Id.* at p. 1053.)

Almost a decade later, after various courts of appeal "cited approvingly to Justice Werdegar's analysis of the rebuttable presumption issue," the Supreme Court in *Donohue* "adopt[ed] her discussion of the rebuttable presumption in full" in a case involving a different wage order that included similar meal period requirements.  (*Donohue, supra*, 11 Cal.5th at pp. 75-76; Cal. Code Regs., tit. 8, § 11040, subds. 1, 7(A)(3).)  The court explained:  "Because time records are required to be accurate, it makes sense to apply a rebuttable presumption of liability when records show noncompliant meal periods.  If the records are accurate, then the records reflect an employer's true liability; applying the presumption would not adversely affect an employer that has complied with meal period requirements and has maintained accurate records.  If the records are incomplete or inaccurate—for example, the records do not clearly indicate whether the employee chose to work during meal periods despite bona fide relief from duty—then the employer can offer evidence to rebut the presumption.  It is appropriate to place the burden on the employer to plead and prove, as an affirmative defense, that it genuinely relieved employees from duty during meal periods."  (*Donohue,* at p. 76.)

In this case, Appellants contend the presumption first described in Justice Werdegar's *Brinker* concurrence, and later adopted "in full" by the *Donohue* court, applies and mandates reversal of the trial court's decision on the meal period subclass. We agree.

We start with the applicability of the *Donohue* presumption.  This case concerns the same types of facts that initially led Justice Werdegar to describe this presumption in *Brinker*.  It deals with the same wage order that applied in *Brinker*—which, again, applies

8

to people, like janitors, "employed in the public housekeeping industry." (Cal. Code Regs., tit. 8, § 11050, subd. 1.) And it deals with the same factual scenario described in *Brinker*—which, again, was one where "an employer's records show[ed] no meal period for a given shift over five hours." (*Brinker, supra*, 53 Cal.4th at pp. 1052-1053 (conc. opn. of Werdegar, J.) On those types of facts, facts like in this case, Justice Werdegar concluded (and the full court later agreed) that "a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided." (*Id.* at p. 1053; see *Donohue, supra*, 11 Cal.5th at p. 75.)

Respondents, favoring a different finding, claim that the *Donohue* presumption only applies in cases "involv[ing] a motion for summary judgment, not a motion for class certification." They are wrong. The *Donohue* court, it is true, established its presumption in a case involving a motion for summary judgment. (*Donohue, supra*, 11 Cal.5th at p. 74.) But the court derived this presumption from a case, *Brinker*, that involved a motion for class certification. (*Id.* at p. 75; see *Brinker, supra*, 53 Cal.4th at p. 1017.) And the court made clear that the same presumption applies both at the summary judgment stage *and* the class certification stage, stating that "the presumption goes to the question of liability and applies at the summary judgment stage, not just at the class certification stage." (*Donohue,* at p. 76.)

We further find that this presumption mandates reversal in this case. As even Respondents concede in their briefing, "the trial court did *not* decide . . . whether Imperial had the burden to rebut the presumption of any violations."[1] It simply preceded as if no presumption existed at all. And it did so even though Appellants requested this

---

[1] Taking a different approach at oral argument, Respondents contend the trial court considered the *Brinker* concurrence "very carefully" and, in effect, "did apply the [*Donohue*] presumption." But we find differently. The trial court never once referenced or cited the *Brinker* concurrence. Nor did it ever allude to the presumption discussed in this concurrence.

presumption and even though, at the time of the court's decision, several Courts of Appeal had already adopted the presumption that Justice Werdegar described in her *Brinker* concurrence. (See, e.g., *ABM Industries Overtime Cases* (2017) 19 Cal.App.5th 277, 311; *Safeway, Inc. v. Superior Court* (2015) 238 Cal.App.4th 1138, 1159-1160; see also *Donohue, supra*, 11 Cal.5th at p. 75 [listing courts that "have cited approvingly to Justice Werdegar's analysis of the rebuttable presumption issue"].)

Because we find the trial court failed to follow the correct legal analysis when deciding whether to grant or deny class certification, we find reversal necessary. After all, "[i]f the trial court failed to conduct the correct legal analysis in deciding not to certify a class action, ' "an appellate court is required to reverse an order denying class certification . . . 'even though there may be substantial evidence to support the court's order.' " ' [Citation.]" (*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 399; see also *Ayala, supra*, 59 Cal.4th at p. 530 [if the court's "reasons for granting or denying certification. . . are erroneous, we must reverse, whether or not other reasons not relied upon might have supported the ruling"].)

Although Respondents assert that the trial court's failure to apply the *Donohue* presumption can be overlooked, we find their reasoning unpersuasive. Respondents note, correctly, that "an appellate court cannot reverse 'simply because *some* of the court's reasoning was faulty, so long as *any* of the stated reasons justify the order.' " (See *Davis-Miller v. Automobile Club of Southern California* (2011) 201 Cal.App.4th 106, 121.) They then claim that "the trial court gave several reasons justifying its denial of class certification" that "had nothing to do with the legal issues addressed in *Donohue*," including "that a 'particularized individual liability determination' was necessary, that [Appellants] failed to meet their evidentiary burden, and that the 'existence of damage, the cause of damage, and the extent of damage' required case-by-case inquiries."

But, unlike Respondents, we find the trial court's failure to apply the required presumption undermined the whole of its analysis. The trial court, it is true, concluded

10

that a "particularized individual liability determination" would be necessary, that Appellants failed to show that Respondents' policies led to a common "wage and hour violation," and that " 'the existence of damage, the cause of damage, and the extent of damage [would] have to be determined on a case-by-case basis.' " But had the court presumed meal period violations, it could not have reached these conclusions absent a finding that the presumption had been rebutted. After all, absent this finding of an adequate rebuttal, the court would not only have needed to conclude that employees who worked longer than five hours failed to receive the required meal period; it also would have needed to conclude that the existence of damage and the cause of damage could easily be proved through common proof—namely, through a review of timekeeping records showing employees who worked longer than five hours. And although the extent of damage for each employee would surely vary under this scenario, with different employees having different numbers of shifts longer than five hours, "individualized proof of damages is not per se an obstacle to class treatment." (*Sav-On Drug Stores, supra*, 34 Cal.4th at pp. 334-335.)

For these reasons, we find reversal appropriate to allow the trial court to reevaluate whether to certify the meal period subclass. (See *Ayala, supra*, 59 Cal.4th at p. 530; see also *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System* (2021) 141 S.Ct. 1951, 1961 [vacating a Second Circuit decision affirming certification of a class action because the court's opinion "le[ft the Supreme Court] with sufficient doubt" whether the court "properly considered" certain evidence].) But we stop short of finding, as Appellants argue, that *Donohue* necessarily requires class treatment in this case. In Appellants' reading of *Donohue*, the decision not only creates a rebuttable presumption of violations when an employer fails to document meal periods; it also creates an irrebuttable presumption when an employer "abrogate[s] [its] recordkeeping responsibilities." Appellants, in other words, appear to believe that *Donohue* creates both a rebuttable presumption and an irrebuttable presumption when an employer fails to

11

document meal periods.  We reject this nonsensical reading of the case.  The court in *Donohue* described only a rebuttable presumption (*Donohue, supra*, 11 Cal.5th at p. 78), not any irrebuttable presumption, and we leave it to the trial court to consider in the first instance whether Respondents can rebut this presumption on remand.

### III.    *Unpaid Time Subclass*

Appellants next assert that the trial court improperly declined to certify their unpaid time subclass.  As they note, the trial court found the proposed unpaid time subclass inappropriate for class treatment because it "hinge[d] upon [Respondents'] purported rest and meal period violations" and because resolving Respondents' purported rest and meal period violations would require a case-by-case evaluation of " 'the existence of damage, the cause of damage, and the extent of damage.' "  Considering the court's reasoning, Appellants contend that because the trial court rejected part of the unpaid time subclass for the same reason it rejected the meal period subclass, its decision concerning the unpaid time subclass must fall if its decision concerning the meal period subclass itself falls.

We agree.  Although Respondents argue that, to succeed on this point, Appellants needed to show the trial court's reasoning flawed in its discussion both of the alleged meal period violations *and* the alleged rest break violations, we find differently.  The trial court rejected part of the unpaid time subclass on the same flawed ground that it rejected the meal period subclass, and it offered no alternative ground for rejecting this part of the unpaid time subclass.  For that reason, the trial court's decision on this subclass must be reversed to allow further review.  (See *Ayala, supra*, 59 Cal.4th at p. 530 [trial court abuses its discretion when it rules based on an erroneous legal assumption].)

### IV.    *Remaining Three Subclasses*

Lastly, and similarly, Appellants assert that the trial court improperly declined to certify their remaining three subclasses, which were all derivative of their other proposed subclasses.  We agree here too.  Again, as with the proposed unpaid time subclass, the

trial court found these three derivative subclasses were inappropriate for class treatment because they "hinge[d] upon [Respondents'] purported rest and meal period violations" and because resolving Respondents' purported rest and meal period violations would require a case-by-case evaluation of " 'the existence of damage, the cause of damage, and the extent of damage.' "  But for the reasons discussed above, we find the trial court rejected part of these subclasses on the same flawed ground that it rejected the meal period subclass.  We thus conclude that the court's decision on these subclasses must be reversed to allow further review.  (See *Ayala, supra*, 59 Cal.4th at p. 530 [trial court abuses its discretion when it rules based on an erroneous legal assumption].)

## DISPOSITION

The court's order denying class certification is reversed.  We remand to allow the trial court to reconsider Appellants' motion for class certification.  Appellants are entitled to recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)



_____\s\_____,
BLEASE, Acting P. J.


We concur:


_____\s\_____,
ROBIE, J.


_____\s\_____,
MAURO, J.


13